UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

MARK JOHNSON, SR.
NICHOLAS D. JOHNSON
       Plaintiffs,

V

ONE STOP AUTO PARTS, INC.

       Defendant.                      MARCH 23, 2009

## COMPLAINT

FIRST COUNT:

    1. This is an action for a declaratory judgement, a permanent injunction and damages for violation of The Truth In Lending Act, 15 U.S.C. § 1601 et seq and for violation of the Motor Vehicle Information and Cost Saving Act (Odometer Law) 49 U.S.C. § 32801 et seq. and for violation of the Md. Ann. Code Commercial Law Credit Grantor Closed End Credit § 12-1001 et seq. and for violation of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-105 et seq.

    2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

    3. Plaintiffs are residents of Baltimore City, Baltimore County, and State of Maryland.

    4. Defendant, One Stop Auto Parts, Inc. hereinafter referred to as ("OSAPI") is a

domestic corporation with a place of business at 3417 Greenmount Avenue, Baltimore Maryland 21218.

    5. At all times herein Defendant in the ordinary course of business regularly extended consumer credit that was payable in more than four installments.

    6. Defendant is a creditor within the meaning of 15 U.S.C. § 1601, et seq. and regulation promulgated thereunder.

    7. On or about September 27, 2008 Plaintiffs entered into a consumer credit transaction with Defendant OSAPI to buy a car for personal, family or household use.

    8. Defendant failed to provide accurate closed-end disclosures as required by 15 U.S.C. § 1601 et seq., and the regulations thereunder at or prior to consummation of the transaction.

    9. Defendant failed to provide the disclosures pursuant to Reg. Z Part 226 prior to consummation of the contract or subsequent to consummation.

    10. Defendant did not disclose the correct MD sales tax.

    11. Defendant did not disclose the lien fee.

    12. Defendant did not disclose the sum of money paid to Public Officials.

    13. Defendant did not disclose the Dealer Process Charge of $99.

SECOND COUNT:

    14. The allegations of paragraph no 7, of Count One are repeated as if fully set forth herein.

    15. Based on information and belief Defendant violated the Odometer Act in that

this Defendant failed to issue an odometer statement to the Plaintiffs or (B) provided an inaccurate odometer statement to the plaintiff or (C) that the odometer reading differs from the provided odometer statement.

16. Defendant failed to deliver the title documents at time of sale.

17. Defendant failed to disclose the odometer reading on the proper title documents in violation of 49 C.F.R. §580.5.

18. Defendant has so acted with intent to defraud the Plaintiffs.

THIRD COUNT:

19. The allegations of paragraph no.7 of the First Count are repeated as if fully set forth herein.

20. Defendant charged Plaintiffs government fees, expenses and or taxes in excess of those authorized in violation of Md. Ann. Code Commercial Law Credit Grantor Closed End Credit § 12-1005.

FOURTH COUNT:

21. Defendant has committed one or more unfair or deceptive acts or practices in violation of the Md. Consumer Protection Act § 13-105 et seq., including, but not limited to: failing to disclose to Plaintiffs accurate financial terms of the transaction.

22. Defendant failed to provide the Plaintiffs with an odometer statement as required by the Federal Odometer Act on the proper title documents and did not show Plaintiffs title at time of sale.

23. Defendant charged Plaintiffs government fees in excess as those allowed by statute.

**WHEREFORE, it is respectfully prayed that this Court:**

1. Award Plaintiffs statutory damages, actual damages, and costs and a reasonable attorney's fee on Count I.

2. Award Plaintiffs treble damages (3 x actual damages) or $1,500 statutory damages, whichever is greater, cost and attorney fees on Count II.

3. Award Plaintiffs actual damages and statutory damages on Count III.

4. Award Plaintiffs actual damages, statutory damages, costs and attorney fees on Count IV.

5. Award such other or further relief, as the Court deems just or equitable.

THE PLAINTIFF

BY /S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com